# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Marcus Nixon (#K-69321), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17 C 50275 |
| v. | ) | |
| | ) | Judge Frederick J. Kapala |
| Joanna Kemmeren, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [3] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $25.33 from Plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order. The Clerk of Court shall send a copy of this order to the trust fund officer at the Dixon Correctional Center. Summonses, however, shall not issue at this time. Plaintiff's complaint [1] is dismissed without prejudice for failure to state a claim. If Plaintiff wants to proceed with this lawsuit, he must submit an amended complaint that states a valid claim for relief under 42 U.S.C. § 1983 against proper defendants. Failure to submit an amended complaint by November 6, 2017, 2017, will result in dismissal of this lawsuit for failure to state a claim. Ruling on Plaintiff's motion for attorney representation [4] and motion for service of process at government expense [5] is deferred. The Clerk of Court is directed to send Plaintiff an amended complaint form and instructions along with a copy of this order.

## STATEMENT

Plaintiff Marcus Nixon, a prisoner at Dixon Correctional Center, brings this *pro se* civil rights action under 42 U.S.C. § 1983 concerning the alleged confiscation of "legal transcripts" from his cell. Before the Court are Plaintiff's application for leave to proceed *in forma pauperis* and complaint for initial review under 28 U.S.C. § 1915A.

Plaintiff's application for leave to proceed *in forma pauperis* demonstrates he cannot prepay the filing fee and is thus granted. Pursuant to 28 U.S.C. § 1915(b)(1), (2), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $25.33 to the Clerk of Court for payment of the initial partial filing fee and (2) Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The Court directs the Clerk of Court to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219

South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this case.

Plaintiff's complaint, however, must be dismissed. Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen pro se prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

Plaintiff alleges that Major Kemmeren searched his cell on February 16, 2017, and "took personal legal property, being legal transcripts and disposed of them." (Dkt. 1, p. 8.) Kemmeren allegedly told Plaintiff that she was performing a compliance check and could "take what she wanted." (*Id.*) Plaintiff grieved the issue to Counselor Hernandez and also complained to Warden Vargas and Counselor Martens about Kemmeren's conduct. (*Id.*, pp. 8, 10.) Administrative Review Board Member Phoenix and Director Baldwin reviewed Plaintiff's grievance. (*Id.*, p. 9.) A document attached to the complaint shows that jail personnel checked the "shakedown slip" and "look[ed] through the items confiscated," but "there were no legal papers[.]" (*Id.*, p. 17.) Plaintiff names Kemmeren, Hernandez, Vargas, Martens, Phoenix, and Baldwin as defendants to this action, and says that he "was appealing [his] conviction with the aid of legal counsel using these legal documents [Kemmeren] disposed of." (*Id.*, p. 8.)

It is unclear whether Plaintiff seeks compensation for the allegedly unauthorized disposal of his personal property, for his purported inability to pursue an appeal of his criminal conviction, or for both. But regardless of which theory he pursues, his claim fails.

The deprivation of personal property caused by the unauthorized, negligent conduct of a state or local government actor does not give rise to a constitutional deprivation. *Daniels v. Williams*, 474 U.S. 327, 335-36 (1986). Similarly, a deprivation of personal property caused by random, intentional, unauthorized conduct of a state or local government actor does not give rise to a due process claim under section 1983 if state courts provide an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533-34 (1984); *Gable v. City of Chicago*, 296 F.3d 531, 539-41 (7th Cir. 2002). In Illinois, the state law remedy for an intentional, unauthorized deprivation of property is a common law tort claim for conversion or replevin. *Tucker v. Williams,* 682 F.3d 654, 661 (7th Cir. 2012).

A document attached to Plaintiff's complaint shows that property confiscated during the cell search should have been documented and retained. (*See* Dkt. 1, p. 17.) The transcripts allegedly taken by Major Kemmeren were not listed on the shakedown slip and were not located among the retained property. Indeed, Plaintiff says he saw Kemmeren throw the transcripts in the trash. (*Id.*, p. 10.) It therefore appears that, although the cell search may have been authorized, any failure to inventory the transcripts was contrary to prison practice and Kemmeren's disposal of the transcripts was unauthorized. Whether Kemmeren's conduct was negligent or intentional is of no consequence. A due process claim under section 1983 stemming from the disposal of Plaintiff's personal property is not available under the circumstances described by Plaintiff.

To state a denial of court access claim, a plaintiff must identify in his complaint (1) a non-frivolous underlying claim, (2) official acts frustrating the litigation, and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. *See Christopher v. Harbury*, 536 U.S. 403, 415-16 (2002). In addition, a key element of a denial of court access claim is that the state action must have hindered the plaintiff's efforts to pursue a non-frivolous legal claim and, as a result, the plaintiff suffered some actual concrete injury. *Id.* Plaintiff made no such showing. Rather, he admittedly had assistance of counsel during his criminal appeal, and so the Court cannot infer that the loss of Plaintiff's copy of the transcripts caused any concrete injury. Moreover, even without counsel, the loss or destruction of Plaintiff's copy of the transcripts does not necessarily result in injury insofar as he could obtain a duplicate copy from the stenographer who created the transcripts or, most likely, opposing counsel. Thus, the mere fact that Plaintiff's transcripts may have been lost (or thrown away) during the pendency of his criminal appeal is insufficient basis for a denial of court access claim.

In addition, even if Plaintiff could identify a basis for federal relief, most of the individuals named as defendants to this action cannot be held liable under section 1983 for the disposal of Plaintiff's transcripts. Section 1983 creates a cause of action based on personal liability and predicated on fault; thus to be held liable under Section 1983, an individual must have caused or participated in a constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012); *Pepper v. Vill. of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005). "Ruling against a prisoner on an administrative complaint does not cause or contribute to" a constitutional deprivation. *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Plaintiff's complaint contains no facts from which it may be inferred that the grievance officers or officials to whom Plaintiff complained about Kemmeren's conduct personally mishandled Plaintiff's property given that the disposal of Plaintiff's property was complete by the time prison officials became

involved. The mere fact that the officials were unable to return Plaintiff's property to him—through no fault of their own—does not demonstrate personal participation in a constitutional violation. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2001) (explaining that the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct" does not implicate a constitutional right).

Accordingly, the Court dismisses Plaintiff's complaint without prejudice for failure to state a claim. Plaintiff is advised to perform some basic research before proceeding with this action. If Plaintiff chooses to continue with this lawsuit, he must submit an amended complaint that states a valid claim for relief under 42 U.S.C. § 1983 against proper defendants. Any amended complaint must be submitted on the Court's required form. *See* Local Rule 81.1. Any amended complaint also must comport with Federal Rule of Civil Procedure 11; Rule 11 provides that by signing a pleading, a party represents to the Court that his claims are warranted by existing law and that the factual contentions have evidentiary support or likely will have evidentiary support after further investigation. Fed. R. Civ. P. 11(b). Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint also must be attached. Plaintiff is advised to keep a copy for his files.

The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. Failure to submit an amended complaint by the date set forth above will result in dismissal of this lawsuit for failure to state a claim.

Date:   October 6, 2017